IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br> Washington Field Office <br> 131 M Street, N.E., Ste. 4NW02F <br> Washington, D.C. 20507 <br><br> **Plaintiff**, <br><br> v. <br><br> **CAPITAL RESTAURANT CONCEPTS, LTD**. <br> **d/b/a PAOLO'S – GT LLC,** <br> 1305 Wisconsin Avenue, N.W. <br> Washington, D.C. 20007 <br><br> **Defendant**. | Civil Action No. <br><br> <u>COMPLAINT</u> <br><br><br> JURY TRIAL DEMAND |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Alejandro Hernandez.  As alleged with greater particularity in Paragraphs 12(a) through 16 below, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Capital Restaurant Concepts, Ltd. d/b/a Paolo's – GT LLC ("Defendant") unlawfully discriminated against Alejandro Hernandez on the basis of his sex by subjecting him to a sexually hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Defendant Capital Restaurant Concepts Ltd., d/b/a Paolo's – GT LLC ("Defendant"), a District of Columbia corporation, has continuously been doing business in the District of Columbia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## CONDITIONS PRECEDENT

6. More than thirty (30) days prior to the institution of this lawsuit, Alejandro Hernandez ("Hernandez") filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On August 10, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated Title VII by subjecting Hernandez to harassment based on his sex.  The letter also invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief for Hernandez.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On August 26, 2016, the Commission issued Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least April 13, 2015, Defendant has engaged in unlawful employment practices at its Washington, D.C. facility in violation of Section 703(a)(l) of Title VII, 42 U.S.C. § 2000e-2(a)(l). These unlawful practices include, but are not limited to, the following:

a. Defendant has engaged in sex discrimination against Hernandez, a gay male, then age 18, by subjecting him to severe or pervasive sexual harassment, and by creating and maintaining a hostile work environment, because of his sex.

b. From almost the outset of his employment in April, 2015 through mid-July, 2015, Hernandez, a food runner and thereafter a server at Defendant's Paolo's Ristorante, routinely was subjected to, unwelcome, harassing, and offensive behavior from Defendant's kitchen staff. The unlawful behavior was based on Hernandez's sex, and included, but was not limited to, regularly calling him "marica," and "culero," which are anti-gay epithets; mocking him with a falsetto-type voice; instructing male coworkers to ask Hernandez for a kiss; and questioning Hernandez about various sexual scenarios with women that might "turn" him "straight."

c. Defendant's Executive Chef Giovanni Carlo, at times, participated in and condoned the harassment of Hernandez by his staff. Upon information and belief, at all relevant times Carlo was a supervisor with authority to hire and fire employees.

d. Hernandez complained of the unlawful behavior described above to Supervisor Virginia Graves, and to General Manager Calvin Hines, both, upon information and belief, with the authority to hire and fire employees. The kitchen staff's harassment continued, and Hernandez complained to Hines again; in response Hines accused Hernandez of being "too sensitive."

e. During this period, a male busser, Marcos Cruz, also subjected Hernandez to unwelcome and offensive sexual comments and conduct which included telling him that he would make a "good prostitute," and then making a hand gesture to indicate oral sex, and asking him whether he liked to "do it hard or soft."

f. Hernandez again complained to Hines, who accused him of being "too sensitive."

g.    Because the harassment continued, Hernandez escalated his complaints to Hines's supervisor, Defendant's Area Director, Leonard Hellebuyck, from Defendant's corporate office.

h.    Following his complaint to Hellebuyck, Hernandez was ostracized by his coworkers and thereafter resigned.

13.   Defendant's harassment directed at Hernandez was motivated by Hernandez's sex (male), in that sexual orientation discrimination necessarily entails treating an employee less favorably because of his sex; and in that Hernandez, by virtue of his sexual orientation, did not conform to sex stereotypes and norms about males to which the harassers subscribed.

14.   The effect of the practices complained of above deprived Hernandez of equal employment opportunities and otherwise adversely affected his status as an employee because of his sex.

15.   The unlawful employment practices complained of above were intentional.

16.   The unlawful employment practices complained of above were done with malice or with reckless indifference to Hernandez's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in sex-based harassment and other employment practices which discriminate on the basis of sex;

B.    Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities based on sex, and which prevent a sexually hostile work

environment from occurring in the future, and which eradicate the effects of past and present unlawful employment practices;

    C.    Order Defendant to make Hernandez whole by providing him compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 12 through 16, including but not limited to emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation, in amounts to be determined at trial;

    D.    Order Defendant to pay Hernandez punitive damages for its malicious and reckless conduct described in Paragraphs 12 through 16, in amounts to be determined at trial;

    E.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    F.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria Luisa Morocco
MARIA LUISA MOROCCO

Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Washington, D.C. 20507
(202) 419-0724
maria.morocco@eeoc.gov

/s/ Tanisha R. Wilburn
TANISHA R. WILBURN
Trial Attorney
Washington Field Office
131 M Street, N.E. Suite 4NW02F
Washington, D.C. 20507
(202) 419-0712
tanisha.wilburn@eeoc.gov


ATTORNEYS FOR PLAINTIFF