**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | Civil Action No. 1:16-cv-2477-BAH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CAPITAL RESTAURANT CONCEPTS, LTD.** | ) | |
| **d/b/a PAOLO'S – GT LLC,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONSENT DECREE**

On December 20, 2016, Plaintiff, the U.S. Equal Employment Opportunity Commission

("EEOC" or "Commission" or "Plaintiff") brought this action against Defendant Capital

Restaurant Concepts, Ltd. d/b/a Paolo's – GT LLC ("Defendant") under Title VII of the Civil

Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991,

alleging that Defendant unlawfully discriminated against Alejandro Hernandez ("Hernandez") on

the basis of his sex (male) by subjecting him to a sexually hostile work environment.  The parties

desire to resolve this action without the time and expense of continued litigation and, as a result,

have jointly formulated a plan to be embodied in a Consent Decree ("Decree") that will promote

and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable, just, and in

accordance with the Federal Rules of Civil Procedure and Title VII.  Therefore, upon due

consideration of the record herein and being fully advised in the premises, it is ORDERED,

ADJUDGED, AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this Title VII action ("the Complaint"). This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties to enforce compliance with the Decree, including by issuing such orders as may be required to effectuate the purpose of the Decree. If the Court determines that Defendant has failed to meet the established terms at the end of three (3) years, the duration of the Decree may be extended.

## Monetary Relief

3. Within fourteen (14) business days after entry of this Decree, Defendant shall pay relief to Hernandez in the amount of $50,000.00 in non-pecuniary compensatory damages. Defendant will issue to Hernandez an IRS Form1099 for the 2017 tax year. The check and IRS Form will be sent directly to Hernandez at the address provided by EEOC counsel and a photocopy of the check and related correspondence will be sent to the EEOC's counsel of record at the same time that the documents are sent to Hernandez.

## Injunctive Relief

4. Defendant, its officers, agents, servants, employees, successors, and assigns, are hereby enjoined from engaging in sex discrimination by creating or maintaining a hostile work environment on the basis of sex. The prohibited hostile work environment includes the

use of offensive, inappropriate, or derogatory comments, or other verbal or physical

conduct based on an individual's sex, which creates an intimidating, hostile, or offensive

working environment, or interferes with the individual's work performance.   Such a

hostile work environment violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) . . .   to discriminate against any individual with respect to [his or her] . . .
> terms, conditions, or privileges of employment, because of such individual's .
> . . sex . . . .

 42 U.S.C. § 2000e-2(a)(1).

5. Defendant, its officers, agents, servants, employees, successors, and assigns, are further

enjoined from retaliating against any individual for asserting his or her rights under Title

VII or otherwise engaging in protected activity, such as by complaining of discrimination

or harassment, opposing discrimination, filing a charge, or giving testimony or assistance

with an investigation or litigation, as set forth in the following provision of Title VII:

> It shall be an unlawful employment practice for an employer to discriminate
> against any of his employees . . . because he has opposed any practice made an
> unlawful employment practice by this subchapter, or because he has made a
> charge, testified, assisted, or participated in any manner in an investigation,
> proceeding, or hearing under this subchapter.

 42 U.S.C. § 2000e-3(a).

### Employment Policies and Procedures

6. Within thirty (30) days of the entry of this Decree, Defendant shall issue a revised

complaint procedure for its Open Door Policy to include the name, job title, e-mail

address, and direct phone number of an employee(s) in Defendant's Corporate Office who

will be responsible for receiving and/or handling employee complaints.

7. Within thirty (30) days of the entry of this Decree, Defendant shall issue a revised

Harassment Free Work Environment Policy that does the following:

a.  Expands the definition of sexual harassment to emphasize that sexual harassment can include offensive, inappropriate, and/or derogatory jokes, comments, slurs, or epithets based on an individual's sex or sexual orientation. This expanded definition should provide clear examples of such comments and/or conduct;

b.  Includes the name, job title, e-mail address, and direct telephone number of the Corporate Officer(s) who will be responsible for receiving and/or handling employee harassment complaints; and

c.  States that immediate, appropriate, and proportionate corrective action will be taken against the harasser when Defendant determines that harassment has occurred after an investigation.

8.  As set forth in paragraphs six (6) and seven (7), Defendant shall distribute copies of the revised policies to all its employees. Defendant must also maintain copies of the revised policies at all its locations in a manner easily accessible to all employees. Defendant will require all current employees to certify that they have read and understood the revised policies and will send copies of the certifications to the EEOC's counsel of record within thirty (30) days of the distribution of the policies.

9.  Defendant will distribute the policies revised pursuant to paragraphs six (6) and seven (7) to new employees within seven (7) days of hire and will require the employee to certify that he or she has read and understood the policies. Defendant will retain copies of these certifications for the duration of the Decree and will send copies annually to the EEOC's counsel of record.

**Training**

10. Within ninety (90) days of the entry of this Decree, Defendant shall provide a live, interactive compliance training session for all employees having any responsibilities or duties related to Paolo's Ristorante, located at 1303 Wisconsin Avenue, N.W., Washington, D.C.  Such training is to be no less than one (1) hour in duration and provided by a qualified third-party at the expense of Defendant.  Employees will have the option of obtaining the training in English or in Spanish. The training will include the following: (1) the types of conduct that are not acceptable in the workplace, including conduct that, if left unaddressed, may rise to the level of unlawful harassment (the training should involve realistic examples from Defendant's workplace and/or industry); (2) the consequences of engaging in unacceptable conduct in the workplace, including an explanation that corrective action will be proportionate to the severity of the conduct; (3) employees' rights and responsibilities if they experience or witness unacceptable conduct at work, including the ways in which employees can report harassment; and (4) an explanation of Defendant's Open Door Policy, Harassment Policy, and complaint process, including how an investigation will take place and an assurance that persons who report harassment will not be subjected to retaliation.  Defendant will provide a recorded version of this training to all new non-management employees within twenty-one (21) days of their hire.  Defendant must maintain attendance lists identifying each person who attends each training session, and must forward a copy of the attendance lists to the EEOC counsel of record, along with a copy of Defendant's current non-management employee roster, within thirty (30) days of the completion of each training session.

11. Within ninety (90) days of the entry of this Decree, Defendant shall conduct an additional two (2) hours of live, interactive compliance training for all supervisors and managers who have any responsibilities related to Paolo's Ristorante, located at 1303 Wisconsin Avenue, N.W., Washington, D.C.  This training will emphasize management's role in ensuring a workplace free of harassment, the steps management is expected to take to prevent harassment, and how to respond to complaints and stop and remedy harassment if it occurs.  Defendant shall conduct such training sessions on an annual basis for managers and supervisors for the duration of this Decree. The annual refresher training should be no less than one (1) hour.  Defendant shall also provide the training to all new managers and supervisors at Paolo's Ristorante within thirty (30) days of their hire, promotion, or transfer.  Training for new managers and supervisors may be pre-recorded from the initial live training session.   Defendant must maintain attendance lists identifying each management and supervisory official who attends each training session, and must forward a copy of the attendance sheets to the EEOC counsel of record, along with a current list of management and supervisory employees, within thirty (30) days of each training session.

### Posting

12. Defendant will post an "8 ½ x 11" notice, previously agreed to by the parties, in all places visually accessible to its employees at Paolo's Ristorante, located at 1303 Wisconsin Avenue, N.W., Washington, D.C.  Within ten (10) business days of the posting, Defendant will provide the EEOC counsel of record with certification that the posting has occurred.

**Monitoring**

13. The EEOC has the right to monitor and review compliance with this Decree. Accordingly:

a.      Annually for the duration of this Decree, and one (1) month before the expiration of this Decree, Defendant must submit written proof via affidavit or declaration to the EEOC counsel of record that it has complied with each of the requirements set forth above.  Such proof must include, but need not be limited to, an affidavit or declaration by a person with personal knowledge establishing: (a) the completion of the training sessions for management and non-management employees; (b) that the revised Open Door Policy and Harassment Free Work Environment Policy and complaint procedure has been distributed and remains posted in accordance with this Decree; and (c) that it has complied with the injunctions in paragraphs 4 and 5.

b.      For the duration of this Decree, Defendant must create and maintain such records as are necessary to demonstrate its compliance with the Decree and 29 C.F.R. §1602 *et seq.*

c.      Any report or notification to the EEOC required under this Decree shall be sent to Tanisha Wilburn, Trial Attorney, Washington Field Office, 131 M Street, N.E., Suite 4NW02F, Washington, DC 20507.

**Miscellaneous Provisions**

14.      Upon motion of the EEOC, the Court may schedule a hearing for reviewing compliance with this Consent Decree.  Prior to such motion, the EEOC shall notify Defendant, in writing, of the alleged non-compliance.  Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform the EEOC counsel of record, or deny the alleged non-compliance, in writing.  If the parties cannot in good faith

resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach.

15.     The Commission and Defendant shall bear their own costs and attorneys' fees.

16.     The case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

17.     The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.


        Respectfully submitted,

FOR DEFENDANT:                                              FOR PLAINTIFF:

/s/ Courtney R. Abbott                                      /s/ Debra M. Lawrence
BRIAN A. SCOTTI (D.C. Bar # 497125)                        DEBRA M. LAWRENCE
COURTNEY R. ABBOTT (D.C. Bar # 488653)                     Regional Attorney
GORDON REES MANSUKHANI & SCULLY, LLP
1300 I Street, NW, Suite 825                               /s/ Maria Luisa Morocco
Washington, D.C. 20005                                     MARIA LUISA MOROCCO
Phone: (202) 399-1009                                      Supervisory Trial Attorney
Fax: (202) 800-2999
bscotti@gordonrees.com                                     /s/ Tanisha R. Wilburn
cabbott@gorondrees.com                                     TANISHA R. WILBURN
                                                           Trial Attorney
                                                           EEOC - Washington Field Office
                                                           131 M Street, N.E. Suite 4NW02F
                                                           Washington, D.C. 20507
                                                           Phone: 202-419-0712
                                                           Fax: 202-419-0739
                                                           tanisha.wilburn@eeoc.gov


**SO ORDERED.**  Signed and entered this 6th day of July, 2017.


        By:     _____
                HON. BERYL A. HOWELL
                CHIEF JUDGE